ABRAHAM A. KAUFER, complainant,

*v.*

JACOB ROTHMAN, defendant.

[Decided December 6th, 1926.]

Partnership—Construction of Agreement—Master's Report Considered—Facts Presented, and Held, That Contention of Partner Rothman, the Defendant, For a Literal Performance of the Terms of the Agreement Providing For an Equal Division Should Not be Sustained—To do so Would be Unjust.

On final hearing.

*Mr. Herman Krohn,* for the complainant.

*Mr. Philip J. Schotland* and *Mr. Milton M. Unger,* for the defendant.

BACKES, V. C.

The matter is before the court to confirm the master's report and for the construction of the partnership agreement.

1. After the decision sustaining exceptions to the master's report (*98 N. J. Eq. 467*) the case was re-referred to the master, who, conformably, reported the value of the merchandise at $6,444, as per inventory, and after deducting $150, the value of merchandise sold by the firm after the inventory was taken, and $1,304.25, the value of the goods that came to the receiver's hands, charged the defendant with the balance, $4,989.79, and to this there seems to be no objection, except that it is insisted that the appraisement should not have been made, as it was, on "going business" prices, but on a dissolution price basis, as the firm was

about going out of business. The distinction, if there is one, is not judicially noticeable, and no evidence appears from which it may be deduced.

2. Kaufer borrowed $10,000 from a Mrs. Krumholtz, with which he purchased merchandise, and is reflected in his original contribution of $13,622.79, as shown by the master's report. This loan was a personal obligation, although evidenced by co-partnership papers. It formed no part of the accounting between the partners and has not been included, save that it appeared that the partnership from time to time paid on account of the debt a total of $5,000 and interest, and this was charged against Kaufer and is included by the master in the withdrawal charges against him of $6,392.17 and $1,144. Two thousand dollars was evidently paid on account by Kaufer —obviously, not by the firm—and for the balance Kaufer concedes his personal liability, although Mrs. Krumholtz has filed a claim for that sum with the receiver of the firm. The personal liability of Kaufer was found in the earlier decision in which he was charged with $250, the price of a fur coat sold by the firm to Mrs. Krumholtz, and for which Kaufer took credit on account of interest on his debt.

Rothman claims he paid Al. Klein, a creditor of the firm, $647.23, which the master allowed in an earlier report, but on exception was disallowed, with leave to furnish better proof. *98 N. J. Eq. 467.* The books show the firm owed Klein $246.66, which the master allowed in his later report. Rothman protests that he should have credit for the larger sum. Upon the proofs the master would have been justified in rejecting the claim in its entirety.

The point is made that Kaufer should not have been given credit for contribution to the firm of merchandise amounting to $13,622.71, and that Rothman should have been credited with $4,000 as his contribution instead of $1,634.71. The proofs amply support the finding of the master in these respects.

The contract of co-partnership provides that "at the expiration of one-year period of the co-partnership, and in the

event that it is mutually decided to discontinue the partnership, the said Abraham A. Kaufer is to retain the aforesaid business and said Abraham A. Kaufer is to pay to the said Jacob Rothman one-half of the physical assets of the firm at the termination of the co-partnership." This was predicated upon the terms of the agreement that the partners were to make equal contribution to the capital. The amount was left blank in the contract. Kaufer contributed $13,622.71 as against Rothman's $1,634.71. Rothman contends for a literal performance of the terms and an equal division. Manifestly, that would be unjust. A decree will be advised in accordance with the report of the master and the views herein entertained.